## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DOVELL B. BATTLE,                      )
                                       )
                Petitioner,            )
                                       )
vs.                                    )          **Case No. 06-CV-112-TCK-FHM**
                                       )
MARTY SIRMONS, Warden,                 )
                                       )
                Respondent.            )

## OPINION AND ORDER

Before the Court is *pro se* Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response to the petition, and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. #s 11, 12, 13). Petitioner filed a reply (Dkt. # 15). For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On September 23, 2002, at approximately 9:30 a.m., a man and a woman entered the Golden Pawn Shop, located near the intersection of 11th and Harvard, in Tulsa, Oklahoma. The owner of the store, Marcella Rose, was working alone and assisted the couple as they shopped for rings. As Ms. Rose turned to show a guitar to the woman, the man jumped behind the counter, knocked Ms. Rose down, and, after struggling with her, sprayed her face with mace or pepper spray. The man and woman grabbed three (3) trays of rings and ran from the store. They made off with 48 rings worth a total of $6,000. Three (3) days later, on September 26, 2002, a woman named Travette Speed came to the Golden Pawn Shop and attempted to pawn three (3) rings to Ms. Rose. Ms. Rose recognized the rings as part of the loot taken in the robbery three days earlier. Ms. Rose called the police who took Ms. Speed in to the detective division for questioning. Ms. Speed told police she had purchased the rings on September 23, 2002, from Thosha McBride and Dovell Battle.

Based on the events of September 23 and 26, 2002, Petitioner Dovell Battle was charged, tried, and convicted by a jury of Robbery by Force or Fear, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2002-5077.[1] Petitioner was represented at trial by attorneys Paula Keck and Shena Burgess.  At the conclusion of a two-stage trial, the jury recommended a sentence of 120 years imprisonment and a fine of $10,000. On October 9, 2003, the trial court sentenced Petitioner in accordance with the jury's recommendation.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart Southerland, Petitioner raised six (6) claims as follows:

Proposition 1: The State failed to appeal the Magistrate's order suppressing the in-court identification of Appellant. The ruling became final, and the evidence should not have been admitted at trial.

Proposition 2: It was reversible error to permit the presentation of evidence relating to the victim's identification of Appellant.

Proposition 3: Defense counsel was ineffective in violation of the Sixth Amendment to the United States Constitution.
    a.    Defense counsel should have requested a lineup prior to preliminary hearing.
    b.    Defense counsel failed to request a transcript of the preliminary hearing.
    c.    Defense counsel failed to take advantage of the opportunity to voir dire the victim.

Proposition 4: It was reversible error to permit Detective Robert Little to testify regarding photo lineups other than the one which was performed in this case.

Proposition 5: It was reversible error for the trial court to refuse Appellant's requested parole eligibility instruction.

---

[1]    Thosha McBride was also charged in Case No. CF-2002-5077.  The docket sheet for that case, see www.oscn.net, reflects that on November 21, 2003, McBride pled guilty to Accessory After the Fact Robbery (Count 1) and Receiving/Concealing Stolen Property (Count 2).  She was sentenced to five (5) years imprisonment and fined $500 on each count, with the sentences to be served concurrently.

Proposition 6:  Appellant's sentence is excessive and should be modified.

<u>See</u> Dkt. # 11, Ex. B. In an unpublished summary opinion, filed October 22, 2004, in Case No. F-2003-1133, <u>see</u> Dkt. # 11, Ex. A, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court.

Petitioner filed an application for post-conviction relief in the state district court. By order filed November 3, 2005, <u>see</u> Dkt. # 11, Ex. D, the state district court stated that Petitioner had raised thirty-nine (39) grounds of error[2] in his application and denied the application, finding the claims were either procedurally barred or barred by *res judicata*.  Petitioner appealed.  By order filed February 7, 2006, in PC-2005-1169, <u>see</u> Dkt. # 11, Ex. F, the OCCA affirmed the denial of post-conviction relief.

Petitioner now seeks federal habeas corpus relief.  In his petition, filed February 17, 2006, Petitioner raises the following four (4) grounds for relief:

Ground 1: District Court erred in failing to accept guilty plea resulting in 116 year sentence at 85% violated 5th, 14th and 8th Amendment right to be free from cruel and unusual punishment. Not procedurally barred per ineffective appellate counsel.

Ground 2: In-court identification of Petitioner and any evidence derivative from same violated 4th, 5th, 14th Amendments and principles of due process.

Ground 3: Jury instruction contrary to Oklahoma law/constitution.

Ground 4: Ineffective trial and appellate counsel in violation of Sixth Amendment.

---

[2]     The list of thirty-nine (39) claims raised in the application for post conviction relief is part of the brief filed by Petitioner on post-conviction appeal. <u>See</u> Dkt. # 11, Ex. E, pages 10-11 of 61.

3

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are either procedurally barred, not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

## *ANALYSIS*

### A.      **Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement is satisfied in this case. Petitioner raised each of his claims on either direct or post-conviction appeal. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.      **Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S.

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).   Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct.   The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1).   In this case, the OCCA adjudicated Petitioner's ground 2 and

part of ground 4, a claim of ineffective assistance of trial counsel, on direct appeal.   Therefore, those

claims shall be reviewed pursuant to § 2254(d).

### 1.        Improper in-court identification (ground 2)

As his second proposition of error, Petitioner alleges that his in-court identification by the

victim was prejudicial resulting in a denial of due process.   See Dkt. # 1. The record reflects that the

robbery victim, Marcella Rose, testified at trial and, over defense counsel's objection, identified

Petitioner as the man who robbed her on September 23, 2002.   See Dkt. # 13, Tr. Trans. at 275-77.

Ms. Rose had previously identified Petitioner as the robber at the preliminary hearing, see Dkt. #

13, Prelim. Hr'g Trans. at 11, but had been unable to select Petitioner's photograph from a photo

line-up prepared by the police, id. at 13. On direct appeal, Petitioner challenged the trial court's

admission of the victim's identification testimony.   The OCCA rejected the claim, finding as

follows:

> we find that under the totality of the circumstances, *Manson v. Brathwaite*, 432 U.S.
> 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), in-court identification was
> proper.   However, even if the in-court identification was admitted in error, based
> upon the evidence of Appellant's guilt introduced through the testimony of McBride
> and Speed, this error would be harmless beyond a reasonable doubt. *See Douglas v.
> State*, 795 P.2d 1070, 1073 (Okl.Cr.1990), overruled on other grounds in *Kaulaity
> v. State*, 859 P.2d 521, 523 (Okl.Cr.1993).

(Dkt. # 11, Ex. A at 3). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue.

As the Supreme Court stated in <u>Manson v. Brathwaite</u>, 432 U.S. 98 (1977), "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." <u>Id.</u> at 106. A reliability determination requires an inquiry into the totality-of-the-circumstances. <u>Neil v. Biggers</u>, 409 U.S. 188, 196 (1972). "The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation." <u>Manson</u>, 432 U.S. at 114; <u>see also</u> <u>Biggers</u>, 409 U.S. at 199-200.

The OCCA's finding that the in-court identification was properly admitted does not reflect an unreasonable application of <u>Biggers</u> to the facts of this case.  Application of the <u>Biggers</u> factors weighs strongly in favor of the reliability of Ms. Rose's identification: she viewed Petitioner for more than an hour while he was in her store shopping for rings, <u>see</u> Dkt. # 13, Tr. Trans. at 268-89; she paid enough attention to the male robber to be able to describe details of his activities while in the store and to describe the robbers' demeanor prior to the robbery, <u>id.</u> at 250, 285, 287; the description of the robber given by Ms. Rose to the police was fairly accurate, <u>id.</u> at 272-73; Ms. Rose testified that she was "positive" that Petitioner was the man who robbed her, <u>id.</u> at 277; and less than six (6) months had passed between the robbery and Ms. Rose's initial identification of

Petitioner at the preliminary hearing.  Under the "totality of the circumstances," the likelihood of an irreparable misidentification was not substantial.

The Court further finds that even if the OCCA unreasonably applied the holding of <u>Biggers</u>, Petitioner's claim fails because any error in allowing the identification testimony was harmless. <u>See Kennaugh v. Miller</u>, 289 F.3d 36, 48 (2d Cir. 2002) (declining to determine whether a state court unreasonably applied clearly established federal law because any error by the state court "in failing to test directly the reliability of [the witness' identification] testimony was harmless").  In <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993), the Supreme Court stated that habeas relief is improper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." <u>Id.</u> at 623 (internal quotation marks omitted).

Based on <u>Brecht</u>, the Court finds Petitioner is not entitled to habeas corpus relief on this claim. Any weakness surrounding the victim's in-court identification testimony was presented to the jury through defense counsel's cross-examination of Marcella Rose and other witnesses, and her direct examination of defense witnesses.  <u>See</u>, <u>e.g.</u>, Dkt. # 13, Tr. Trans. at 278-95, 409-11, 447-49. Moreover, the evidence was sufficient to convict Petitioner of the offense. <u>Kennaugh</u>, 289 F.3d at 48 (finding any error in admission of in-court identification testimony harmless where evidence of guilt was powerful and credibility and reliability of witness' in-court identification were challenged on cross examination of the witness). Petitioner's accomplice, Thosha McBride, identified him as the man who helped her rob the Golden Pawn Shop.  <u>See</u> Dkt. # 13, Tr. Trans. at 321-30. Travette Speed identified Petitioner as the man who, on the same day as the robbery, sold her rings stolen from the Golden Pawn Shop. <u>Id.</u> at 376-84. Speed also selected Petitioner's photograph from the photo line-up prepared by police. <u>Id.</u> at 430-31. Based on that evidence, any error in admission of

the identification testimony of Marcella Rose did not have a "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht</u>, 507 U.S. at 623.  Petitioner is not entitled to habeas corpus relief on this claim.

>    **2.     Ineffective assistance of counsel (part of ground 4)**

As part of his fourth ground for relief, Petitioner contends that his trial counsel provided ineffective assistance in failing to request or acquire a copy of the preliminary hearing transcript. Citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the OCCA rejected this claim on direct appeal, finding that "Appellant was not denied his constitutional right to the effective assistance of counsel." <u>See</u> Dkt. # 11, Ex. A.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claim was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases.  <u>Strickland</u>, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." <u>Id</u>. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689.  To establish the second prong, Petitioner must

show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).   Failure to establish either prong of the Strickland standard will result in denial of relief.  Strickland, 466 U.S. at 697.

Petitioner has failed to satisfy the prejudice prong of the Strickland standard.  Although defense counsel did not request that the preliminary hearing be transcribed, the record reflects that defense counsel Paula Keck was present at the preliminary hearing and, therefore, had knowledge of the testimony produced at that hearing. At trial, counsel thoroughly cross-examined the witnesses using information contained in the police reports to cast doubt on the identification testimony.  See Dkt. # 13, Tr. Trans. at 278-79, 447-48. Counsel also called as a witness for the defense the court reporter who reported the preliminary hearing to testify about the victim's testimony at the preliminary hearing. Id. at 423-24. Thus, even if counsel performed deficiently in failing to request preparation of a transcript from the preliminary hearing, Petitioner has failed to demonstrate, particularly in light of the strong evidence of guilt, that he suffered prejudice as a result.  There is no reasonable probability that the outcome of the trial would have been different had defense counsel obtained a transcript of the preliminary hearing.  Petitioner has failed to show that the OCCA's adjudication of this claim of ineffective assistance of counsel was contrary to or an unreasonable application of Strickland.  He is not entitled to habeas corpus relief on this claim.

**C.**     **Ineffective assistance of appellate counsel (part of ground 4)**

As part of his fourth ground for relief, Petitioner asserts he was denied the effective assistance of appellate counsel. He claims that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for (1) failing to investigate alibi witnesses, (2) failing to utilize Thosha McBride's confession, (3) failing to object to an "all-white jury," and (4) violating the attorney/client relationship when she filed a motion to withdraw. He also alleges that appellate counsel provided ineffective assistance in failing to challenge the trial court's refusal to accept his guilty plea and in failing to challenge the jury instruction on accomplice testimony. All of the claims underlying Petitioner's allegation of ineffective assistance of appellate counsel were raised on post-conviction appeal.

In affirming the state district court's denial of post-conviction relief, the OCCA determined that Petitioner had failed to demonstrate any error in the state district court's determination that the claims were procedurally barred. That determination included a finding by the OCCA that Petitioner had not "proven appellate counsel's failure to raise these propositions was the result of ineffective assistance of appellate counsel." See Dkt. # 11, Ex. F. The district court relied on Webb v. State, 835 P.2d 115 (Okla. Crim. App. 1992) (finding that appellate counsel is not required to advance every argument, regardless of merit), to find that the post-conviction claims which had not been raised on direct appeal were procedurally barred even though Petitioner had claimed that his appellate counsel provided ineffective assistance in failing to raise the claims. See Dkt. # 11, Ex. D.

Upon review of the state court orders denying post-conviction relief, the Court finds that neither the state district court nor the OCCA applied the standard announced in Strickland v. Washington, 466 U.S. 668 (1984), to analyze Petitioner's claim of ineffective assistance of appellate

counsel. The legal premise cited in Webb, the case relied on by the state district court in making the ruling affirmed by the OCCA, deviates from the controlling federal standard. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003). As a result, the state courts' analyses of Petitioner's claim of ineffective assistance of appellate counsel are not entitled to deference on federal habeas corpus review. Id. at 1205; Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's ineffective assistance of appellate counsel claim.

Under Strickland, a petitioner is required to show both deficient performance by counsel and prejudice to petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

1.     **Trial counsel's failure to investigate alibi witnesses**

Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failing to investigate alibi witnesses.  Petitioner claims that alibi witnesses would have testified that he was not in the State of Oklahoma on the date and at the time of the robbery.  <u>See</u> Dkt. # 1.  In his petition, Petitioner fails to provide the names of the purported alibi witnesses or whether he even told any of his attorneys about the alleged alibi witnesses.  As part of his reply, <u>see</u> Dkt. # 15, he provides additional argument taken from his application for post-conviction relief.  In that pleading, he claimed that he told defense counsel that there were two individuals in Arkansas City, Kansas, who could verify that he was not in Oklahoma on the day of the robbery.  He gave defense counsel names, addresses and phone numbers, but no contact was made. He further claims that he told appellate counsel about his alibi witnesses and that he had requested that trial counsel investigate.

Counsel has a duty to investigate all reasonable lines of defense, or make reasonable determinations that such investigation is not necessary. <u>Strickland</u>, 466 U.S. at 691. According to Petitioner, appellate counsel contacted the witnesses who agreed to submit affidavits. <u>See</u> Dkt. # 15, attached letters from appellate counsel.  But no affidavits were obtained and appellate counsel failed to raise the claim on direct appeal. A letter from appellate counsel to Petitioner, dated April 12, 2004, explains his decision not to raise the claim of ineffective assistance of trial counsel.  <u>See</u> Dkt. # 15, attached letter. Appellate counsel stated he contacted trial counsel who did not recall any mention of alibi witnesses and he opined that since Petitioner had agreed to plead guilty to being in possession of the rings on September 23, he had essentially admitted to being in Tulsa on the day of the robbery. <u>Id.</u> Thus, the record provided by Petitioner reflects that appellate counsel made an

effort to investigate Petitioner's claim concerning alibi witnesses, but made a strategic decision not to raise the claim because Petitioner could not satisfy the burden imposed under Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*. Petitioner has failed to convince the Court that in light of the strong evidence of guilt presented at trial, appellate counsel performed deficiently in failing to raise a claim of ineffective assistance of trial counsel for failing to investigate alibi witnesses. Strickland, 466 U.S. at 691.

### 2.    Trial counsel's failure to utilize Thosha McBride's confession

Next, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failure to utilize the confession of his accomplice.[3] See Dkt. # 1. Petitioner makes a general statement that his accomplice Thosha McBride had confessed to the robbery but that defense counsel did not use the confession during his trial.[4] The record reflects, however, that defense counsel thoroughly cross-examined Detective Bob Little concerning his interview of McBride and the inconsistencies in her story. See Dkt. # 13, Tr. Trans. at 406-14. Petitioner fails to identify any further steps his attorneys should have taken or to assert that had they utilized the available evidence differently, the results of his trial would have been different. Petitioner is not entitled to habeas corpus relief on this claim.

---

[3]    The Court notes that in his application for post-conviction relief, Petitioner argued that trial counsel failed to take appropriate measure to limit the use of his co-defendant's confession. See Dkt. # 11, Ex. E at page 27 of 61.

[4]    As part of his reply, Petitioner provides a letter from appellate counsel, dated April 12, 2004, explaining his decision not to raise a claim of ineffective assistance of counsel based on failure to use the tape-recorded confession of co-defendant Thosha McBride. See Dkt. # 15, attached letter.

### 3.      Trial counsel's failure to object to an "all-white jury"

Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failing to object to his "all-white jury."  See Dkt. # 1.  In his application for post-conviction relief, Petitioner complained that his jury contained no African-Americans and that there was not a fair cross section of African-Americans included in his jury pool.  See Dkt. # 11, Ex. E at 37-38 or 61.

As noted by Respondent in his response, see Dkt. # 11, nothing in the record reflects the racial composition of Petitioner's jury or jury pool. As a result, it does not appear that any black juror was removed by a peremptory challenge, see United States v. Bedonie, 913 F.2d 782, 795 (10th Cir. 1990), and there is no basis for assessing counsel's performance in failing to object to the racial composition of the jury.  Petitioner has failed to demonstrate, therefore, that appellate counsel performed deficiently in failing to raise on direct appeal any claim challenging the racial composition of the jury.

### 4.      Trial counsel's violation of the attorney/client relationship

Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for violating the attorney/client relationship by filing a motion to withdraw without informing him of the existence of a conflict of interest.  See Dkt. # 1. In his application for post-conviction relief, see Dkt. # 11, Ex. E, Petitioner explained that one of his attorneys, Assistant Tulsa County Public Defender Paula Keck, had previously represented one of the State's witnesses, Travette Speed, in an unrelated criminal matter.

The right to counsel guaranteed by the Sixth Amendment includes the "right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981).

Because Petitioner lodged no Sixth Amendment objection at trial, he must demonstrate "that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). To demonstrate that his defense counsel's performance was adversely affected by an actual conflict of interest, Petitioner must demonstrate that a specific and seemingly valid or genuine alternative strategy or tactic was available to defense counsel, but it was inherently in conflict with her duties to others or to her own personal interests.  United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990). Successive representation of a witness and a defendant is only prohibited if there is a substantial and particular relationship between the two cases.  Id. at 1501. "A collateral incident relevant only to witness credibility does not satisfy this prerequisite."  Id.

In this case, Petitioner has failed to demonstrate that his attorney's prior representation of Ms. Speed was in any way related to his trial.  Nothing in the record suggests that defense counsel's ability to cross-examine Ms. Speed was in any way impacted.  See Dkt. # 13, Tr. Trans. at 390-95. In addition, the first questions asked of Ms. Speed by the prosecutor concerned the fact that she was presently in custody serving a sentence entered on a conviction of Possession of Crack Cocaine with Intent to Distribute, and that she had other prior felony convictions for Assault and Battery and Possession of Marijuana.  See id. at 373-74.  As a result, defense counsel had no need to inquire concerning Ms. Speed's criminal history.  The Court finds Petitioner has failed to demonstrate either the existence of a conflict of interest or that he was adversely affected by trial counsel's prior representation of Ms. Speed.  Therefore, appellate counsel did not provide ineffective assistance in failing to raise this claim of ineffective assistance of trial counsel because the claim lacks merit.

**5.      Failure to challenge trial court's refusal to accept his guilty plea**

In ground 1 of his petition (Dkt. # 1), Petitioner alleges that the trial court erred in refusing to accept his willingness to plead guilty to a reduced charge of Knowingly Concealing Stolen Property in exchange for a sentence of four (4) years, and that appellate counsel provided ineffective assistance in failing to raise the claim. Although the record reflects that the trial court rejected the plea agreement and allowed Petitioner to withdraw his waiver of preliminary hearing, see Dkt. # 11, Ex. G at pages 1-2 of 124, nothing in the record explains the basis for the trial court's ruling.  In his application for post-conviction relief, however, Petitioner explained that at a hearing held February 18, 2003:

> Judge Thornbrugh proceeded with the format of the guilty plea proceedings until it got to the section when he asked the petitioner how he pled. After the petitioner advised the court that he pled guilty, the court asked the petitioner to describe his involvement in the crime of knowingly concealing stolen property. The petitioner described his involvement as the judge requested. That is when the Judge stopped the proceedings and informed the petitioner that he was not going to accept his guilty plea.

See Dkt. # 11, Ex. E at page 41 of 61.

In a case involving an allegedly improper ex parte communication between a trial judge and a victim, the OCCA stated that "it is well settled that a defendant has no constitutional right to have his guilty plea accepted by the court."  Pack v. State, 725 P.2d 870, 871 (Okla. Crim. App. 1986) (citing North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970)).  Furthermore, Petitioner has failed to identify a right created by state law. As Petitioner had neither a constitutional right nor any right created by state law to have his plea accepted by the trial court, his claim that appellate counsel provided ineffective in failing to raise a challenge to the trial court's rejection of the plea agreement is without merit.

16

6.      **Failure to challenge the jury instruction on accomplice testimony**

In ground 3 of his petition, Petitioner alleges that the instruction given to his jury on accomplice testimony was contrary to Oklahoma law and that appellate counsel provided ineffective assistance in failing to challenge the instruction.  See Dkt. # 1.  Under Oklahoma law, a defendant cannot be convicted based solely on uncorroborated testimony of an accomplice.  Okla. Stat. tit. 22, § 742; Wackerly v. State, 12 P.3d 1, 10 (Okla. Crim. App. 2000).  Evidence of even one independent, material fact that tends to connect the defendant to the crime is sufficient to corroborate the testimony of an accomplice.  Wackerly, 12 P.3d at 10-11.

In this case, Petitioner's co-defendant Thosha McBride testified that she and Petitioner robbed the Golden Pawn Shop on September 23, 2002.  Because McBride was an accomplice, the state was required to present corroborating evidence.  Petitioner's jury received several instructions concerning accomplice testimony.  See Dkt. # 11, Ex. G at pages 4-7 of 124.  The jury was specifically instructed that Petitioner could not be convicted based on the testimony of Thosha McBride unless her testimony was corroborated by other evidence.  See id. at page 6 of 124.  Nonetheless, Petitioner complains that in Instruction No. 26, id. at page 7 of 124, the jury was improperly instructed that to determine whether accomplice testimony has been corroborated, it "may" eliminate the accomplice testimony entirely and then examine the remaining evidence.

Petitioner has failed to demonstrate that the instructions given to his jury were contrary to Oklahoma law in effect at the time of his trial.  In Pink v. State, 104 P.3d 584, 593 (Okla. Crim. App. 2004), the OCCA ordered that in trials following the publication of the opinion, the OUJI instruction had to be modified to specify that in determining whether accomplice testimony has been corroborated, the jury must (rather than may) be able to eliminate the accomplice testimony and

determine that there is other evidence tending to show both that the charged offense was committed and that the defendant was connected with the offense. In <u>Pink</u>, unlike the instant case, the accomplice testimony was not adequately corroborated. The <u>Pink</u> opinion was issued December 22, 2004, or two (2) months after issuance of Petitioner's direct appeal opinion. Petitioner's appellate counsel cannot be faulted for failing to challenge the instruction prior to the issuance of <u>Pink</u>. The accomplice instructions given to Petitioner's jury, when viewed as a whole, were correct statements of Oklahoma law in effect at the time of his trial. Furthermore, because the accomplice testimony in this case was adequately corroborated, the giving of the pre-<u>Pink</u> instruction did not affect the outcome of this trial. Therefore, Petitioner's claim is without merit. Appellate counsel did not provide ineffective assistance in failing to raise this claim.

**D.    Procedural Bar (grounds 1, 3, and part of 4)**

The record confirms that Petitioner's grounds 1 and 3 were not presented to the OCCA on direct appeal. Furthermore, the first four allegations of ineffective assistance of trial counsel identified in ground 4 were not raised on direct appeal. These claims were raised for the first time in Petitioner's post-conviction proceedings. In its order affirming the district court's denial of post-conviction relief, the OCCA stated:

> "It has long been the law in Oklahoma that post-conviction relief measures are not a substitute for a direct appeal." *Johnson v. State*, 1991 OK CR 124, ¶ 4, 823 P.2d 370, 372. Nor is it "the office of the Post-Conviction Procedure Act, 22 O.S.1991, § 1080 *et seq.* to provide a second appeal under the mask of post-conviction application." *Thomas v. State*, 1994 OK CR 85, ¶ 3, 888 P.2d 522, 525. Claims that could have been raised upon direct appeal but were not are waived. *Woodruff v. State*, 1996 OK CR 5, ¶ 2, 910 P.2d 348, 350. Claims that were raised and decided in a petitioner's direct appeal are barred as res judicata. *Paxton v. State*, 1996 OK CR 4, ¶ 2, 910 P.2d 1059, 1061. This Court will not consider issues barred by res judicata or issues that have been waived. *Boyd v. State*, 1996 OK CR 12, ¶ 3, 915 P.2d 922, 924; *Stiles v. State*, 1995 OK CR 51, ¶ 2, 902 P.2d 1104, 1105 . . . As a finding that all of Petitioner's propositions are procedurally barred fully disposed

of Petitioner's post-conviction claims, and as Petitioner, in this appeal, has neglected to demonstrate any error occurring in the District Court finding that his claims are procedurally barred, the District Court's denial of post-conviction relief must be affirmed.

Dkt. # 11, Ex. F at 2.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's grounds 1, 3, and the first four (4) claims of ineffective assistance of trial counsel identified in ground 4 are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise these grounds on direct appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural

bar imposed on grounds 1 and 3 was based on "adequate" state grounds sufficient to bar the claims on federal habeas corpus review. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993). The OCCA routinely bars claims that could have been but were not raised on appeal.

As to the adequacy of the procedural bar imposed on Petitioner's claims of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the procedural bar imposed by the state courts on Petitioner's ground 4 ineffective assistance of trial counsel claims is based on grounds adequate to preclude federal habeas review. Petitioner was represented at trial by attorneys Paula Keck and Shena Burgess. On direct appeal, Petitioner was represented by attorney Stuart Southerland. For purposes of the first requirement

20

identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. In applying a procedural bar to Petitioner's claims of ineffective assistance of trial counsel, the OCCA specifically determined that the claims could have been but was not raised on direct appeal. See Dkt. # 11, Ex. F at 2. At least one of the defaulted claims, Petitioner's allegation that trial counsel failed to investigate alibi witnesses, could not be resolved based on the trial record alone. Nonetheless, even if his defaulted claims could not all be resolved on the record alone, Petitioner has not alleged that the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, and addressed the adequacy of Rule 3.11, see Dkt. # 11 at 14-15, n.4, Petitioner has focused his argument on the merits of his claims and has not specifically put the adequacy of Oklahoma's remand procedure at issue. See Dkt. # 15. As a result, he has not demonstrated that Oklahoma's procedural bar is inadequate and his ground four claims of ineffective assistance of trial counsel are procedurally barred.[5]

---

[5]      Even if Petitioner's claims of ineffective assistance of trial counsel are not procedurally barred, they are without merit as determined in Part C of this opinion.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attributes his failure to raise these claims on direct appeal to ineffective assistance of his appellate counsel (Dkt. #s 1 and 15). It is well established that, in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner did raise a claim of ineffective assistance of appellate counsel on post-conviction appeal. However, this Court has rejected the claim of ineffective assistance of appellate counsel on the merits in Part C above. As a result, ineffective assistance of appellate counsel cannot serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is innocent of the crime for which he was convicted. He has failed, however, to provide any new evidence demonstrating that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Therefore, the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims set forth in grounds

1, 3, and the first four claims of ineffective assistance of trial counsel asserted in ground 4. <u>Coleman</u>

<u>v. Thompson</u>, 510 U.S. 722, 724 (1991). He is not entitled to habeas corpus relief on those claims.


### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not

established that he is in custody in violation of the Constitution or laws or treaties of the United

States.  His petition for writ of habeas corpus shall be denied.


**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas

corpus (Dkt. # 1) is **denied**.  A separate judgment shall be entered in this matter.


**DATED THIS 27th** day of May, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE